RACHEL J. CARSON ET AL. *v.* EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES

COURT OF COMMON PLEAS FAIRFIELD COUNTY FILE NO. 98681
AT BRIDGEPORT

Memorandum filed February 20, 1973

*Kennedy & Lyddy,* of Bridgeport, for the plaintiffs.

*Marsh, Day & Calhoun,* of Bridgeport, for the defendant.

Matzkin, J. This is an action by the plaintiffs, as beneficiaries, to recover accidental death benefits under a policy issued by the defendant to William D. Carson. The facts, as agreed upon and more fully set forth in the affidavit of the defendant and the counter affidavit of the plaintiffs, indicate that the insured, a sergeant in the United States army, was stationed in Vietnam, that he died on Christmas Day, December 25, 1966, while on reconnaisance patrol, from wounds received from an enemy rifle grenade, and that on that day there was a "declared cease-fire truce" in Vietnam. The defendant has refused to make payment on the ground that the terms of its policy exclude such payment. The policy, under the heading of "Accidental Death Benefit," states: "Risks Not Assumed. No accidental death benefit will be payable . . . 2. if death resulted from . . . (d) war, or service in any military, naval or air forces of any country at war. The term 'war' includes war declared or undeclared and armed aggression resisted by the military, naval or air forces of any country, international organization or combination of countries." The defendant has now filed a motion for summary judgment, and the plaintiffs have responded by claiming that the cease-fire truce for the holiday nullified and invalidated the exclusionary clause of the policy of insurance.

The validity of a provision in a life or accident policy entirely relieving the insurance company from liability under the policy because of the connection of the insured with military, naval or air forces during a war is almost universally recognized. In interpreting a military exclusion clause,

courts apply the same rules of construction they apply to any other clause of a contract of insurance, and there are no specific or particular rules of construction which apply only to military exclusion clauses. 44 Am. Jur. 2d 104, Insurance, § 1261.

The parties have agreed, and the court so finds, that at the time of his death the insured was in a "war" in Vietnam. Further, the court finds that the war in Vietnam continued after December 25, 1966, and was still in progress at the date of the institution of this action.

As far as the question of termination of war is concerned, the courts, with practical unanimity, have taken the viewpoint that the death of an insured does not occur during "war" if it occurs after the cessation of actual hostilities, regardless of whether a peace treaty has been signed. 44 Am. Jur. 2d 108, Insurance, § 1264; note, 36 A.L.R.2d 1018, 1060, 1062.

In view of the foregoing, it would appear that the criterion to determine when the so-called "war" is ended and terminated is the cessation of all actual hostilities.

In the instant matter, the declared cease-fire truce was merely of a temporary nature, since the war continued thereafter. It definitely was not a cessation of all actual hostilities, nor was it a peace pact.

Accordingly, the court finds, as a matter of law, that the exclusionary clause of the policy is effective and operative, and summary judgment may enter in favor of the defendant.